Van Voorhis, J.
(dissenting). In upholding the constitutionality of chapter 209 of the Laws of 1962, together with concurrent New Jersey legislation (Laws of N. J., 1962, ch. 8), in Courtesy Sandwich Shop v. Port of N. Y. Auth. (12 N Y 2d 379, 391) this court said: “As to the fears expressed by the respondents that the Port Authority may illegally seize a particular piece of property for an unauthorized nonpublic use, it is sufficient to say that the condemnation procedures prescribed by statute fully protect the respondents and others in like position against any taking for nonpublic purposes in violation of the Port Development Project Law.”
Appellants are now here to put that statement to the test. Unless the powers of the Port of New York Authority regarding this project are virtually absolute, so that whatever is done is *256 beyond court review, appellants are, in my opinion, entitled to a trial of the issue concerning whether what the Port Authority is doing in implementation of the "World Trade Center does actually relate to the centralization of world trade in this area in New York City. Only if the project is being developed to that end is it constitutional as serving a public purpose under the holding in the Courtesy Sandwich Shop case. The Authority recognizes that 1,900,000 square feet, of the 10,150,000 projected square feet of rentable area is to be rented to the State of New York, and the attorney for the Authority conceded on the argument that “ The majority, the preponderance of the State of New York’s functions are not related to world trade.” Neither, it would seem, are the activities of the savings bank or schools proposed to be located in the area as tenants. The standards of eligibility of the Authority are so vague and indefinite that there is hardly a single business in the City of New York which is not eligible for tenancy. It is confidently asserted by appellants that upon a trial they can establish that of the approximately 372 proposed tenants not over 103 have real relation to the World Trade functions.
Deposition discovery proceedings were commenced in the declaratory judgment suit 25 Broad St. Realty Assoc. v. Port of N. Y. Auth. brought in 1964, but these proceedings were pending and incompleted at the time when the condemnation suit was commenced by the Authority which is now before us. Material areas of information were blocked by objections during the depositions of the Authority’s witness, and the Authority contended that declarations on the pertinent issues were privileged and refused disclosure of documents and barred oral testimony by informed Authority personnel bearing upon the issues which appellants seek to try but are precluded from trying by the summary judgment now under review. These circumstances alone demonstrate that appellants are entitled to a trial in order to elicit fully the material facts bearing upon whether these property owners in the project area are being ejected, in violation of the Courtesy Sandwich Shop decision, from nonslum locations which they have occupied for years, without recompense for loss of good will and with the prospect that at least one out of four will be forced permanently out of business (see Martin Anderson, The Federal Bulldozer, p. 69; Kinnard and Malinowski, The Impact *257 of Dislocation, from Urban Renewal Areas on Small Business, prepared by the University of Connecticut under a grant from the Small Business Administration, July, 1960, pp. 2, 3; Study of Compensation and Assistance for Persons Affected by Real Property Acquisition in Federal and Federally Assisted Programs, printed for use of the House Committee on Public "Works, 1965, Committee Print No. 31, p. 29, which says 35.3%).
Not only are the property owners affected in the project area, but the affirmative defenses allege, supported by affidavits adequate to warrant denial of summary judgment, that the Authority’s contemplated project is a huge real estate development, primarily devoted to the production of revenue which only incidentally will house World Trade functions and that the Authority is unlawfully competing with private enterprise through the utilization of its claimed tax immunities for tenants not engaged in World Trade functions.
The order appealed from should be reversed and petitioner’s motion for summary judgment should be denied.
Chief Judge Desmokd and Judges Ftjld, Burke, Sciueppi, Bergah and Keatihg concur in Per Curiam opinion; Judge VaN Voorhis dissents and votes to reverse in a separate opinion.
Order affirmed, etc.